UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE ODELL,

    Plaintiff,

v.                      Case No.: 8:19-cv-2760-T-33SPF

GORDON FOOD SERVICE STORE LLC,
and REPUBLIC REFRIGERATION INC.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court *sua sponte.* As set forth below, this case is remanded to state court because the Court lacks subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). Before delving into the merits of any case, this Court must determine "whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Indeed, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Without

1

jurisdiction the court cannot proceed at all in any cause." Id. In removed cases, 28 U.S.C. § 1447(c) specifies: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The Court is mindful that any doubt about the propriety of removal should be resolved in favor of remand. Tauriga Sciences, Inc. v. ClearTrust, LLC, No. 8:14-cv-2545-T-33TBM, 2014 WL 5502709, at *2 (M.D. Fla. Oct. 2014)(citing Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979)).

This slip-and-fall action was removed to this Court on November 6, 2019, on the basis of diversity jurisdiction. (Doc. # 1). When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of

the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The Complaint does not allege a specific amount of damages. (Doc. # 1-3 at ¶ 1)("This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00) . . ."). Instead, in their Notice of Removal, Defendant Republic Refrigeration Inc. relies on Plaintiff George Odell's past medical expenses and a pre-suit demand letter. (Doc. # 1 at 3). On November 7, 2019, the Court entered an Order (Doc. # 3) explaining that it was not convinced that the amount in controversy requirement had been satisfied by a preponderance of the evidence and giving Republic Refrigeration the opportunity to submit additional information.

Republic Refrigeration timely filed its response to the Court's Order on November 13, 2019. (Doc. # 5). In its response, Republic Refrigeration notes that the April 11, 2019, pre-suit demand letter reported that Odell had incurred $ 37,520.91 in past medical expenses at that time, with a workers' compensation lien in the amount of $26,436.11. (Id. at 5). However, this amount falls short of the jurisdictional threshold. While Republic Refrigeration notes that Odell may have undergone additional medical procedures prior to removal that were not included in the past medical expenses

calculation, Republic Refrigeration provides no information on the cost of those procedures. (Id. at 4-5).

Additionally, the response emphasizes the pre-suit demand letter's demand for $250,000 from Republic Refrigeration. (Id. at 5; Doc. # 5-3 at 3). As the Court explained in its November 7 Order, demand letters do not automatically establish the amount in controversy. See Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010)(stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-T-23-EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010)(same). Rather, courts evaluate whether demand letters "'reflect puffing and posturing'" or "whether they provide 'specific information to support the plaintiff's claim for damages.'" Lamb, 2010 WL 6790539, at *2 (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)); see also Jenkins v. Myers, No. 8:16-cv-344-T-17EAJ, 2016 WL 4059249, at *4 (M.D. Fla. July 27, 2016)(stating a demand letter that appears to be mere puffery or an attempt at posturing, "is insufficient

to prove by a preponderance of the evidence that the amount in controversy meets or exceeds $75,000").

Here, the demand letter mentions less than $75,000 in past medical expenses, while demanding $250,000. Because there are no specific facts to support the $250,000 total requested settlement in light of the far lower medical expenses, it appears this demand is mere puffery, rather than an accurate assessment of the amount in controversy. See Rodriguez v. Family Dollar, No. 8:17-cv-1340-T-33JSS, 2017 U.S. Dist. LEXIS 88594 (M.D. Fla. June 9, 2017)(remanding case where the amount in controversy was based on hypothetical future medical damages and reasoning that the pre-suit settlement offers were negotiation tactics).

Further, no information is provided regarding future medical expenses, pain and suffering, or lost wages. Because no concrete information is provided, these categories of damages are too speculative to include in the amount in controversy calculation. Nor is the Court persuaded by Republic Refrigeration's citation to cases where a slip-and-fall plaintiff obtained over $75,000 in damages after a jury trial. (Doc. # 5 at 4-5). Although Republic Refrigeration asserts the injuries in those cases are similar to Odell's,

there is no evidence that those plaintiffs had medical expenses or other damages similar to Odell's.

In short, Republic Refrigeration has not carried its burden of establishing this Court's diversity jurisdiction. The Court, finding that it lacks subject matter jurisdiction, remands the case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court and, thereafter, **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of November, 2018.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE